IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:12-mj-070 |
| Michael E. Hanna, | : | Magistrate Judge Kemp |
| Defendant. | : | |

## DETENTION ORDER

The defendant, Michael E. Hanna, accompanied by counsel, appeared for a preliminary hearing and detention hearing on February 7, 2012. He waived his preliminary hearing and stipulated to the facts set forth in the complaint for purposes of the detention hearing. A number of witnesses also testified at the hearing. Because the defendant is charged with violating 18 U.S.C. §§2251 and this case involves a minor victim, and because his waiver of the preliminary hearing allows the Court to conclude that probable cause exists to support that charges, the issue of detention in this case begins with a presumption of detention, explained as follows.

<u>Legal Standard Applicable</u>. The United States' request for detention is based in part upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an

> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (21 U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden. Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high

monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominquez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The complaint states that defendant made contact with Task Force Officer Marcus Penwell, a Franklin County Sheriff's Office detective, on January 4, 2012, after Officer Penwell responded to an ad which defendant had placed on an internet service stating that he was interested in "forbidden loves." Officer Penwell posed as the father of two minor daughters, and over the next several weeks he and defendant arranged, through online chats, to meet for the purpose of having the girls perform sex acts with both defendant and their supposed father, and for each to photograph these acts for the benefit of the other.

Eventually, the two arranged to meet on January 28, 2012.

Officer Penwell had provided some information about things that the "girls" were interested in, and defendant arrived at the meeting place with a camera, a Dora the Explorer Doll, and an iTunes gift card.  When arrested, he admitted to having placed the ad, and stated that he did intend to photograph the "girls" having sex with their father.  He also admitted to a prior conviction for conspiracy to commit sexual batter, an offense that also involved a father having sex with his minor daughter. Officer Penwell testified to additional details about this prior crime, including the fact that it involved forced sex acts and physical abuse of the victim.  Defendants' family members who testified stated that they would be willing to allow him to reside in their residences on electronic monitoring and that they would use their best efforts to assure that he complied with any bond conditions which might be set.

   The facts, of course, are consistent with a violation of 18 U.S.C. §2251, which prohibits the production or attempted production of child pornography, and that brings the rebuttable presumption in favor of detention into play.  There are other factors, apart from the presumption in favor of detention, which the Court must consider.  See 18 U.S.C. §3142(g).  In this case, those which favor detention are the fact that this offense involves minor victims and is considered to be a crime of violence, that the evidence appears strong, that the defendant has a prior conviction for a sexual crime involving a minor victim, and that he appears to be a frequent user of marijuana. Those which favor release, as set forth in the Pretrial Services report, include defendant's ties to the community, his family's support, and his employment history,

   The question here is which of these matters carry more weight in determining whether the defendant could be released under conditions which would protect society from further similar

criminal behavior.  And there are a host of strict conditions the
Court could impose, such as electronic monitoring, mental health
counseling, restrictions on access to minors, and restrictions on
internet access, which are tailored to this type of offense and
which can be effective in safeguarding the community.

   The Court finds the decision in United States v. Burdette,
___ F.Supp.2d ___, 2011 WL 4379534 (D.D.C. August 30, 2011), to
be instructive.  There, the court detained a fifty-two year old
productively-employed defendant with no criminal record based on
evidence that he possessed downloaded images of child pornography
and attempted, but did not succeed in his efforts, to videotape a
minor engaging in sexual conduct (in that case, someone he
believed to have been a twelve-year-old girl).  The court
commented "that defendant's release would pose a significant
danger to a particularly vulnerable segment of the
community—children" and that there were no release conditions
which would reasonably assure the community's safety.  Id. at *3.
Recently, the undersigned Magistrate Judge detained a defendant
who had no relevant criminal history and had substantial ties to
the community, but, in addition to possessing and viewing images
of child pornography, had taken nude photographs of a young
female child he had been babysitting (although the photographs
were not pornographic) and had been accused, but not convicted,
of sexually assaulting that child's older sister and showing
pornography to her brother.  United States v. Baird, 2010 WL
2889086 (S.D. Ohio July 19, 2010).

   This case could be viewed as a stronger case for detention
than Baird, where the evidence about the defendant's having acted
out on certain impulses consisted primarily of accusations of
improper conduct rather than, as here, fairly solid proof.
Further, this was not a case where the defendant responded
quickly to an unanticipated situation, but one where he actively

solicited contact with minors and made elaborate plans for carrying out his intentions.  The prior conviction and the circumstances surrounding it are also very disturbing, and paint a picture of an individual who poses a special type of danger to minor victims and who has not reformed his conduct.  Thus, while there are certainly factors in this case which go some way toward rebutting the presumption against release, the Court concludes that they are not strong enough, when weighed against both the presumption and the other relevant factors the Court must consider, to justify release.  The Court therefore grants the United States' motion for detention and orders the defendant detained without bond pending trial.

The defendant is advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge